THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. ERNEST A. WILKERSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 7, 1955—Decided November 15, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Ernest A. Wilkerson,* appellant *pro se.*

*Mr. Frank H. Lawton,* First Assistant Prosecutor, for the respondent (*Mr. Mario H. Volpe,* Mercer County Prosecutor).

The opinion of the court was delivered

PER CURIAM. The grand jury of the County of Mercer returned two indictments against the defendant, the one (No. 134) charging him with the unlawful sale of heroin on June 4, 1954, and the other (No. 135) accusing him of the unlawful possession of the like narcotic drug on July 1, 1954. Pursuant to a motion on behalf of the State and without objection by the defendant, the indictments were consolidated for trial, at which the jury found the defendant guilty of the commission of both of the alleged offenses. Consecutive sentences of imprisonment and fines within the statutory limits were imposed upon him on December 10, 1954.

Upon request an attorney was appointed to investigate for the defendant the legal proprieties of his convictions and sentences. The attorney did so and reported that in his opinion there were no meritorious grounds to warrant the prosecution of an appeal. He was accordingly relieved of his assignment. The defendant was denied the privilege of projecting an appeal *in forma pauperis.*

Presumably some time in March 1955 the defendant filed a notice of appeal from the judgment of guilt and evidently

pursuant thereto has addressed to us a petition entitled "Petition: for a New Trial in Motion for Writ of Error to appeal in Forma Pauperis and for the appointment of counsel," in which in a summary fashion he alludes to seven "contentions" why he was denied due process and equal protection of the law.

No appendix has been submitted to us in the least informative of the factual structure upon which the contentions are sought to be erected in conformity with *R. R.* 1:7–1(*f*). *Vide, State v. Marchione*, 5 *N. J.* 340 (1950); *State v. Schmelz*, 17 *N. J.* 227, 238 (1955); *Shortau v. Buresch*, 3 *N. J. Super.* 139 (*App. Div.* 1949); *State v. Mojib*, 31 *N. J. Super.* 305 (*App. Div.* 1954); *State v. McFadden*, 32 *N. J. Super.* 258 (*App. Div.* 1954); *State Highway Commissioner v. Union Paving Co.*, 33 *N. J. Super.* 85, 89 (*App. Div.* 1954).

Assuredly an appellate tribunal cannot consider and determine the substantiality and merit of asserted grounds of appeal upon purely supposititious and unauthenticated premises.

We may, however, presume in the absence of information to the contrary that the admitted consolidation of the indictments for trial of which the defendant complains was regularly ordered in pursuance of the terms of *R. R.* 3:5–6. *Cf. State v. Garris*, 98 *N. J. L.* 608, 611 (*Sup. Ct.* 1923).

The palpable inadequacy of the record necessitates the dismissal of the appeal. So ordered.